**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Christopher Peterson,

Plaintiff,

v.

Sandow Media, LLC,

Defendant.
_______________________________/

Case No:

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff Christopher Peterson ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Sandow Media, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is an award-winning professional photographer whose work is routinely licensed and published through newspapers, magazines, media organizations, editorial publications, entertainment publications, and digital-media outlets.

3. Plaintiff created a photograph depicting actress and model Megan Fox together with rapper and musician Machine Gun Kelly (the "*Photograph*"), in which Plaintiff owns the rights and licenses for various authorized uses, including online and print publications.

4. Defendant owns and operates www.newbeauty.com (the "*Website*"), which serves as a publishing, media, advertising, audience-engagement, customer-acquisition, and business-development platform through which Defendant distributes beauty, wellness, lifestyle, celebrity, and related editorial content.



SLG SANDERS LAW GROUP

5. Defendant's business model depends in substantial part upon the creation, publication, promotion, and distribution of written and visual content through the Website.

6. Defendant uses the Website to attract readers, expand audience reach, increase engagement, generate advertising value, strengthen its brand, promote its media offerings, and create commercial opportunities.

7. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff is a citizen of the State of New York and maintains a principal place of business in Albany County, New York.

9. Defendant is a Delaware limited liability company with a principal place of business at 3651 Fau Boulevard, Boca Raton in Palm Beach County, Florida.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Florida.

12. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

13. Plaintiff is an award-winning professional photographer whose work has been widely published by newspapers, magazines, media organizations, editorial publications, digital-media companies, entertainment publications, and news outlets.

14. Plaintiff is recognized for documenting celebrities, entertainment events,

SLG SANDERS LAW GROUP

public figures, fashion, lifestyle, newsworthy events, politics, and matters of substantial public interest.

15. Plaintiff's photographs have appeared in major newspapers, magazines, websites, digital-media publications, and editorial outlets and are routinely licensed for editorial, journalistic, commercial, advertising, promotional, and entertainment uses.

16. Plaintiff's work is regularly utilized by media organizations, publishers, advertisers, public-relations firms, brands, and commercial entities seeking high-quality visual content relating to entertainment, celebrity, fashion, lifestyle, and current events.

17. Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of Plaintiff's photography business.

18. Plaintiff has devoted substantial time, skill, effort, training, creativity, and expense to developing a portfolio of original photographic works.

19. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office covering many of Plaintiff's photographs.

20. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

21. On September 4, 2023, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

22. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, camera equipment, and other creative elements used to capture the image and made each and every artistic determination necessary for creation of the work.

23. On November 1, 2023, the Photograph was registered by the United States Copyright Office under Registration No. VA 2-374-072. Plaintiff created the Photograph with the intention that it be used commercially and for purposes of display, licensing,



SLG SANDERS · LAW GROUP ·

publication, and public distribution.

24. Plaintiff created the Photograph with the intention of it being used commercially for the purpose of public display and distribution.

**B. Defendant's Infringing Activity**

25. Defendant is the registered owner of the Website and is responsible for its content.

26. Defendant is the operator of the Website and is responsible for its content.

27. The Website forms a significant component of Defendant's commercial enterprise and serves as a publishing, media, advertising, marketing, audience-engagement, customer-acquisition, and business-development platform through which Defendant distributes editorial content, beauty and wellness reporting, consumer content, sponsored content, advertising, and related media offerings.

28. Upon information and belief, Defendant utilizes articles, photographs, visual content, celebrity content, lifestyle content, beauty content, editorial content, and other media assets through the Website to attract readers, increase audience engagement, strengthen its brand, expand audience reach, generate advertising revenue, and create commercial opportunities.

29. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of written and visual content through the Website in order to attract audience attention, increase engagement, enhance brand visibility, drive readership, increase advertising value, promote affiliated products and services, and generate commercial value.

30. Upon information and belief, Defendant specifically used the Photograph because of its celebrity subject matter and its ability to attract reader attention, increase engagement, enhance the attractiveness of Defendant's editorial content, and increase the commercial value of content published through the Website.

31. Upon information and belief, Defendant operates in an industry in which



SLG SANDERS LAW GROUP

photographs, celebrity imagery, editorial photography, entertainment photography, beauty imagery, and other copyrighted visual content are routinely used to attract readers, enhance editorial content, influence consumer engagement, and generate revenue.

32. On or about September 6, 2023, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed the Photograph on the Website as part of an on-line story at URL: https://www.newbeauty.com/tag/megan-fox/. (the *"Infringement"*). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

33. The Photograph was intentionally and volitionally copied and stored by Defendant at URL: https://cdn-cjhgk.nitrocdn.com/CXxGixRVyChwAxySbAyltuCiQXRKaWDN/assets/images/optimized/rev-260e559/www.newbeauty.com/wp-content/uploads/2023/09/megan-fox-hair-910x720.png.

34. The Infringement is an exact copy of Plaintiff's original Photograph that was directly copied, reproduced, stored, and publicly displayed by Defendant on the Website and contains the same protectable elements, including composition, subject matter, timing, perspective, angle, lighting, and overall expressive content.

35. Plaintiff first observed the Infringement on October 23, 2023.

36. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph. (hereinafter all of the unauthorized use set forth above is referred to as the *"Infringement").*

37. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

38. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and

display of content appearing on the Website, including Plaintiff's Photograph.

39. Upon information and belief, the Photograph was intentionally, willfully, and volitionally selected, published, displayed, distributed, and stored by Defendant.

40. Upon information and belief, the Infringement was not posted at the direction of a user within the meaning of 17 U.S.C. §512(c), but instead was affirmatively selected, approved, and published by Defendant and/or its personnel.

41. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was unaware of the infringing activities constituting the Infringement because such a claim would amount to willful blindness.

42. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

43. Upon information and belief, Defendant exercised editorial, managerial, and operational control over content appearing on the Website.

44. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website.

45. Upon information and belief, Defendant received a financial benefit directly attributable to the Infringement.

46. Upon information and belief, the Infringement increased engagement with the Website and generated additional audience traffic, brand visibility, reader interest, promotional value, and commercial value for Defendant.

47. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, increased traffic, advertising value, and related business-development opportunities.

48. Upon information and belief, Defendant derived commercial value from

SLG SANDERS · LAW GROUP ·

using the Photograph to attract visitors to the Website, retain reader attention, increase engagement, enhance the perceived quality and credibility of its editorial content, and strengthen the effectiveness of its publishing, advertising, marketing, and media operations.

49. Defendant's use of the Photograph harmed the actual market for the Photograph.

50. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

51. On February 7, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

52. On April 15, 2024, Plaintiff, through counsel, sent an additional communication seeking to resolve the dispute without litigation and affording Defendant a further opportunity to address Plaintiff's claims.

53. On January 5, 2026 and again on February 4, 2026, Plaintiff, through counsel, sent additional communications seeking to resolve the dispute without litigation and affording Defendant further opportunities to address Plaintiff's claims.

54. Despite receiving multiple communications concerning Plaintiff's claims over an extended period of time, Defendant failed and/or refused to adequately address Plaintiff's claims.

55. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

56. Defendant's failure to resolve Plaintiff's claims after receiving repeated notice of Plaintiff's rights constitutes evidence that Defendant acted knowingly, intentionally, and with reckless disregard for Plaintiff's rights under the Copyright Act.

57. As a result of Defendant's misconduct, Plaintiff has been substantially



SLG SANDERS LAW GROUP

harmed.

**FIRST COUNT**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

58. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

59. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

60. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

61. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

62. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

63. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

64. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

65. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven

or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

66. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

67. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

68. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: August 19, 2026

**SANDERS LAW GROUP**

By: *__/s/ Craig Sanders________*
Craig Sanders, Esq. (Fla Bar 0985686)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129514

*Attorneys for Plaintiff*